IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODNEY LOFTON,

    Plaintiff,

v.                                                   No. 2:21-cv-587 MIS/KRS

TARGET LOGISTICS MANAGEMENT, LLC, et al.,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on November 9, 2021. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission by each party to any other party with responses due thirty (30) days after service

(c) Maximum of six (6) depositions by Plaintiff and six (6) depositions by Defendants. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a)  Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **March 30, 2022**;

(b)  Deadline for Defendants to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **April 29, 2022**;

(c)  Deadline for Plaintiff's expert reports:  **March 30, 2022**;

(d)  Deadline for Defendants' expert reports:  **April 29, 2022**;

(e)  Termination of discovery:  **May 30, 2022**;

(f)  Deadline for supplementing discovery/disclosures: Due 45 days prior to close of discovery;

(g)  Motions relating to discovery:  **June 20, 2022**;

(h)  All other motions:[1]  **June 30, 2022**;

(i)  Pretrial order:        Plaintiff to Defendants by:  **August 15, 2022**;

            Defendants to Court by:  **August 29, 2022**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

                                                                  _____
                                                                  KEVIN R. SWEAZEA
                                                                  UNITED STATES MAGISTRATE JUDGE